Nelson F. Lind
vs. } No. 76530.
Interstate Motor Coach Corp.

December 5, 1929.

HAHN, J. This is an action of trespass on the case for damages arising out of a collision on October 31, 1926, between a motor bus, driven by an employee of defendant corporation, and a motor truck driven by plaintiff, the plaintiff, through said collision, having sustained the injuries which are the basis of this action. The jury returned a verdict for the plaintiff in the sum of $22,500.

Questions of law as to whether defendant corporation was liable to plaintiff, under the circumstances of the case, with reference to the ownership of the motor bus, were decided in favor of the plaintiff, and exceptions to the ruling of the Court were duly taken.

On the question of negligence, the verdict is amply sustained by the evidence and the weight thereof, and the sole remaining question refers to the amount of the damages as awarded by the jury.

The principal injury sustained by the plaintiff was a sacro-iliac strain on both the right and left sides. There is no question that the injury was severe and that the plaintiff endeavored to work at his trade of automobile repairer some time after the accident but was unable to continue. As to the permanency of the injury, it is very difficult to determine from the testimony of the experts as to whether it will be permanent or continue for a number of years. Dr. Palmer was unable to say as to its probable duration. Dr. Cutts testified that a sacro-iliac strain usually recovers inside of two years, and that the long duration of the plaintiff's injury might be attributable to some other cause than the shock received at the time of the accident.

It was apparent from observation of the plaintiff—a man apparently about fifty years of age—as he appeared in the Court room and testified, that he is still suffering severely from the effects of the injury and possibly this fact appealed to the sympathy of the jury, but the burden is upon the plaintiff to show injuries and suffering warranting the amount of any verdict rendered.

While it is exceedingly difficult for the Court, in the face of the expert testimony offered in this case, to determine the extent of the injury and the duration of plaintiff's suffering, yet it appears to the Court that the verdict is excessive and that, while plaintiff may be unable to continue at the same line of work which he was pursuing at the time of the injury, there is no doubt that in some other and lighter work he may not only find employment but also may be assisted in his recovery, which to an extent appears to be retarded by his lack of employment and also may be somewhat aggravated by the uncertainty of the outcome of this litigation.

The injury was severe, the plaintiff suffered and still suffers, and has been at expense and loss. It is the opinion of the Court that the sum of $15,000 would compensate plaintiff for his damages sustained and that, therefore, the sum of $22,500 is $7,500 in excess of the damages as they appeared at the hearing.

If, within seven days of the filing of this rescript, the plaintiff remits all of the verdict in excess of $15,000, the defendant's motion for a new trial is denied. otherwise it is granted.

For plaintiff: Fergus J. McOsker.

For defendant: Frederick A. Jones.